### DETERMINED IN THE

# SECOND DEPARTMENT

## AT

# GENERAL TERM,

## 𝕵𝖚𝖓𝖊, 1894.

CHARLES DE KAY TOWNSEND, Appellant, *v.* EMMA M. WORK, Impleaded with ALBERT C. HENDRICKSON et al., Respondents.

*Neglect to foreclose a mechanic's lien — cancellation of the lis pendens.*

When the plaintiff, in an action brought for the foreclosure of a mechanic's lien, unreasonably neglects to proceed with his action within the meaning of section 1674 of the Code of Civil Procedure, the owner of the premises therein described, after the dismissal of the complaint, is entitled to an order canceling of record the notice of *lis pendens.*

APPEAL by the plaintiff, Charles De Kay Townsend, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 4th day of April, 1894, granting the defendant's motion to have the *lis pendens* filed by the plaintiff canceled of record.

*Mortimer S. Brown,* for the appellant.

*Charles Fox,* for the respondent.

DYKMAN, J.:

This is an appeal from an order directing the cancellation of the notice of *lis pendens* filed in the action.

The action is by the assignee of a mechanic's lien to procure the foreclosure thereof.

A referee was appointed on the 29th day of November, 1892, to hear and determine the action, and the trial proceeded before him until the 29th day of March, 1893, when the complaint was dis-

missed as against the defendant Emma M. Work, the owner of the premises.

After such dismissal no lien could be established against the property, and the only reason for the continuation of the action was to enable the plaintiff to appeal from the judgment to be entered upon the report of the referee when it should be made. In that situation the plaintiff was required to use active diligence to bring the trial to a close to the end that an appeal could be taken. Instead of activity there was a delay of one year before the order was made from which this appeal is taken. In the meantime the plaintiff received an admonition from the court when the order for the cancellation of the *lis pendens* was denied in December, 1892, with leave to renew the motion unless the plaintiff proceeded diligently with the action.

We think the plaintiff has unreasonably neglected to proceed in the action within the intention of section 1674 of the Code of Civil Procedure, and that the order should be affirmed, with ten dollars costs and disbursements.

Brown, P. J., and Cullen, J., concurred.

Order affirmed, with ten dollars costs and disbursements.